**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mary Mae HARVEY,
Defendant-Appellant.**

No. 82–1298.

United States Court of Appeals,
Ninth Circuit.

July 22, 1983.

David Taylor Shannon, Asst. Federal Public Defender, Phoenix, Ariz., for Harvey.

Thomas Schoppert, New Town, N.D., for Chase.

A. Melvin McDonald, U.S. Atty., Susan A. Ehrlich, Phoenix, Ariz., Robert Zimmerman, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Before TRASK, ANDERSON, and CANBY, Circuit Judges.

### ORDER

The panel in the above case, 701 F.2d 800, has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and a majority of the judges of the court in regular active service have voted not to grant rehearing en banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

KENNEDY, Circuit Judge, dissenting from denial of rehearing en banc:

If the exclusionary rule becomes an end in itself and the courts do not apply it in a sensible and predictable way, then one approach is to reexamine it altogether. We do not have that authority, but we do have the commission, and the obligation, to confine the rule to the purposes for which it was announced.

In this case, the exclusionary rule seems to have acquired such independent force that it operates without reference to any improper conduct by the police. The rule is torn from its pragmatic mooring, for a premise of the decision is that the officer acted not only in good faith but also with probable cause under exigent circumstances. Blood was drawn at once because the alcohol it probably contained would have disappeared during the wait for a warrant. In this respect, the officer acted in fulfillment of his duty, not in breach of it, by taking the blood sample when he did.

The exclusionary rule, nevertheless, is invoked because an arrest was not made contemporaneously with the lawful search. No convincing argument is made that any rights or interests of the defendant were sacrificed by the delay. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), did recite that an arrest had been made coincidentally with taking a blood sample, but in my view this was simply a way of stating that there existed the probable cause that is always the prerequisite for the seizure of evidence in exigent circumstances. *Cupp v. Murphy,* 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973), seems to me to have established the proposition that an arrest is not a precondition for a search under exigent circumstances, even though the search is intrusive in character.

It should be noted that our own workload should not be an institutional reason for acquiescence in decisions such as the instant one. Congress permits this court to hold en banc hearings with less than all of our members, 28 U.S.C. § 46, and we should invoke that procedure in cases such as this one where an issue of importance to both state and federal law enforcement officers is resolved in a questionable way.

I dissent from the failure of the court to take the case en banc.